**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-19-31-F |
| | ) | |
| PHILLIP C. MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

The court is in receipt of a filing entitled "Affidavit of Truth – Denied Due Process Fifth Amendment," filed by defendant Phillip C. Montgomery.  Doc. no. 50.  Upon review, the court finds the postconviction filing should be dismissed for lack of jurisdiction.

It appears that defendant seeks to collaterally attack his conviction and sentence.[1]  Although defendant briefly mentions 28 U.S.C. § 2255 in his filing, it is not clear whether defendant actually seeks his relief under § 2255.  The court, in its discretion, declines to recharacterize the filing as a motion to vacate, set aside or correct sentence under § 2255.

"With pro se litigants, federal courts will often ignore the labels attached to a pleading and 'recharacterize the motion in order to place it within a different legal category.'"  <u>United States v. Edge</u>, 315 Fed. Appx. 92, 95 (10th Cir. 2009) (quoting

---

[1] Defendant pleaded guilty to Count 2 of the Superseding Indictment, charging him with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1), the penalty for which is found at 18 U.S.C. § 924(a)(2).  On January 10, 2020, the court sentenced defendant to a term of imprisonment of 120 months.

<u>Castro v. United States</u>, 540 U.S. 375, 381 (2003)).  "However, with § 2255 motions, peculiar concerns are implicated-namely, a court, by construing a litigant's motion 'as a first § 2255 motion . . . may make it significantly more difficult for that litigant to file another such motion.'"  *Id*. (quoting <u>Castro</u>, 540 U.S. at 382).  Consequently, the Supreme Court has limited the district court's power to recharacterize various pleadings into "a litigant's *first* § 2255 motion."  *Id*. (emphasis in original) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).  The district court can only recharacterize a defendant's filing as a § 2255 motion if it provides notice of its intent to do so; warns the defendant of the potential consequences of such a recharacterization; and gives the defendant an opportunity to either contest the characterization, withdraw the motion, or amend the motion.  *See*, <u>United States v. Martin</u>, 357 F.3d 1198, 1199 (10th Cir. 2004).

Upon review of defendant's filing, however, the court concludes that recharacterization of the filing as a § 2255 motion and notification of the recharacterization would not be in the best interest of defendant.  A federal prisoner seeking relief under § 2255 generally must file the motion within one year from the latest of four dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively available to cases on collateral review; or (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.  *See*, 28 U.S.C. § 2255(f)(1)-(4).

The judgment of conviction in this case was entered on January 13, 2020. Because defendant did not file a direct appeal, his conviction became final on January 27, 2020. *See*, United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006) (If a defendant does not file an appeal, the criminal conviction becomes final upon expiration of the time in which to take a direct criminal appeal); Rule 4(b)(1)(A)(i), Fed. R. App. P. (notice of appeal in a criminal case must be filed within fourteen days after the entry of the judgment). Thus, defendant had through January 28, 2021 to file any motion under § 2255. *See*, United States v. Hurst, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (the limitations period under § 2255(f) begins on the day after the judgment becomes final and ends exactly one year later on the same day). Defendant's time to file a § 2255 motion thus ran on January 28, 2021. Defendant's filing has been filed almost three years later.

In his motion, defendant cites several Supreme Court cases, which he claims supports his filing. Those cases are United States v. Davis, 139 S. Ct. 2319 (2019); New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022); and Rehaif v. United States, 139 S. Ct. 2191 (2019). Section 2255(f)(3) allows a federal prisoner to file a section 2255 motion within one year of a Supreme Court decision that creates a newly recognizable right made retroactively applicable to cases on collateral review. However, Rehaif and Bruen have not been made retroactively available to cases on collateral review. *See*, United States v. Scuderi, 842 Fed. Appx. 304, 305 (10th Cir. 2021) (addressing Rehaif) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)); Butler v. United States, Case No. 3:22-CV-2552-N-BK, 2023 WL 8007120, at *3 (N.D. Texas Oct. 16, 2023) (addressing Bruen). While Davis has been made retroactively available to cases on collateral review, *see*, In re Mullins, 942 F.3d 975, 979 (10th Cir. 2019), defendant's filing

3

would nonetheless be untimely because it was not filed within one year of the issuance of decision in <u>Davis</u> on June 24, 2019. *See*, <u>Dodd v. United States</u>, 545 U.S. 353, 357 (2005) (stating that under § 2255(f)(3), an applicant has one year from the date was the right was initially recognized by the Supreme Court, not the date the right was made retroactive).[2]

The limitation period in § 2255(f) is subject to equitable tolling in certain circumstances. *See*, <u>United States v. Gabaldon</u>, 522 F.3d 1121, 1124 (10th Cir. 2008). To obtain equitable tolling, a federal prisoner must show that he has diligently pursued his claims and that the failure to timely file was caused by extraordinary circumstances beyond his control. *Id*. Defendant has not made any such showing in his filing.

Because defendant's filing does not indicate that he is actually seeking relief under § 2255, and the filing, as submitted, appears to be untimely, the court declines to recharacterize defendant's filing as a motion pursuant to § 2255. Given the potential consequences of that recharacterization, the court concludes that it is in the best interest of defendant not to recharacterize his filing as a motion under § 2255, which would result in his first § 2255 motion.

As the court is not recharacterizing defendant's filing as one under § 2255 and the court has no jurisdiction to consider a collateral attack on a conviction and sentence not brought under § 2255, the court finds that defendant's filing should be dismissed for lack of jurisdiction. *See*, <u>United States v. Anaya</u>, 772 Fed. Appx. 720, 721 (10th Cir. 2019) (affirming dismissal of motion not recharacterized as a § 2255 motion) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

---

[2] Defendant's filing also was not filed within one year of the issuance of the <u>Rehaif</u> decision on June 21, 2019 or the issuance of the <u>Bruen</u> decision on June 23, 2022.

Accordingly, the "Affidavit of Truth – Denied Due Process Fifth Amendment" (doc. no. 50) filed by defendant Phillip C. Montgomery is **DISMISSED** for lack of jurisdiction.

DATED this 12th day of January, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0031p009.docx

5